UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUDREY SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10CV00141 FRB |
| | ) |
| MARRIOTT INTERNATIONAL, INC., | ) |
| and | ) |
| HPTM PROPERTY TRUST, d/b/a | ) |
| HPTM III TRUST TRUSTEE,[1] | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff's Motion To Remand (Docket No. 13/filed February 24, 2010), filed by plaintiff Audrey Simmons ("plaintiff"). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On July 30, 2009, plaintiff filed her original petition in the Circuit Court of St. Louis County, Missouri. Therein, she alleged that she was injured in a fall that occurred on or about September 2, 2006 at the Marriott Hotel located at 10700 Pear Tree Lane in St. Louis, Missouri. On January 26, 2010, defendants Marriott International, Inc. and HPTMI Properties Trust (collectively "defendants") filed their timely Notice of Removal in

---

[1] Plaintiff advises that typographical errors resulted in the wrong name being given to the second-named defendant. Counsel for defendants acknowledged plaintiff's error and advised that the correct name for the second-named defendant is "HPTMI Properties Trust." This Court will therefore refer to this defendant by the name HPTMI Properties Trust.

-1-

this Court pursuant to 28 U.S.C. § 1441 et seq., alleging diversity jurisdiction.[2]

In support of the instant Motion, plaintiff argues, inter alia, that the removal notice is defective because it fails to specify the citizenship of the individual trustees and beneficiaries of defendant HPTMI Properties Trust.[3] In response, defendants acknowledge that they failed to specify the citizenship of such individuals, but know of no case law suggesting that such failure requires remand. For the following reasons, plaintiff's Motion To Remand should be granted.

## I. Discussion

As plaintiff correctly notes, defendants, as the parties seeking removal and opposing remand, bear the burden of establishing federal jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). This Court must resolve doubts regarding the propriety of removal in favor of remand to state court. Id.

Section 1441(a) of Chapter 28 of the United States Code enables defendants to remove cases to federal court in any civil

---

[2] Defendants filed their Notice of Removal within thirty days of receiving notice, through plaintiff's December 28, 2009 responses to interrogatories, that she was seeking damages in excess of $75,000.00. Plaintiff does not challenge the timeliness of the Notice of Removal.

[3] Plaintiff also argues that two additional defendants, Marriott Hotel Services, Inc. (added as a party via amended petition which plaintiff avers was mailed to opposing counsel on January 15, 2010) and HPT TRS MI 135, Inc. (which voluntarily filed an answer) did not consent to removal. In response, defendants contend that plaintiff failed to properly file and serve either her first or her amended petition in state court on Marriott Hotel Services, Inc. and HPT TRS MI 135, Inc. Inasmuch as the instant motion can be decided on other grounds, the Court declines to reach this issue.

action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases in which the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332; Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); see also Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (In order for the court to properly exercise its original jurisdiction in a diversity case, there must be "complete diversity").

"Generally, a district court's diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members.'" GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004); (citing Carden, 494 U.S. at 195-96). In Carden, the Supreme Court wrote that it specifically rejected "the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members." Carden, 494 U.S. at 195.

An exception exists for a corporation, the citizenship of which is determined by its state of incorporation, and the state in which its principal place of business is located. Id. at 187-88; see also GMAC Commercial Credit LLC, (citing 28 U.S.C. § 1332(c)(1)); Stouffer Corp. v. Breckenridge, 859 F.2d 75, 76 (8th Cir. 1988). This "coincides with the common law's tradition of treating only incorporated groups as legal persons and accounting for all other groups as partnerships." GMAC Commercial Credit LLC,

-3-

357 F.3d at 828 (citing Puerto Rico v. Russell & Co., 288 U.S. 476, 480 (1933)).

In GMAC Commercial Credit LLC, the Eighth Circuit recognized the Supreme Court's repeated refusal to extend the corporation exception to other artificial entities, such as limited partnerships, unincorporated labor unions, limited partnership associations, and joint-stock companies. Id. at 829 (collecting cases); see also Arias v. Budget Truck Trust I, 2009 WL 604864 (E.D.N.Y. 2009) (remanding case to state court due to defendant Trust's failure to allege the citizenship of all of its beneficiaries; recognizing that the citizenship of all of a trust's beneficiaries must be alleged to demonstrate diversity of citizenship). In Carden, the Supreme Court recognized that, while its refusal to extend the corporation exception to other artificial entities disregarded the policy of accommodating diversity jurisdiction to the changing realities of commercial organization, its decision adhered to the more important policy of leaving the decision of such accommodation to Congress. Carden, 494 U.S. at 197.

In their removal notice, to establish the citizenship of defendant HPTMI Properties Trust, defendants pled only that "Defendant HPTMI Properties Trust, is and was at the time this action was filed, an investment trust formed under the laws of the State of Maryland with its principal place of business in the State of Massachusetts." (Docket No. 1, page 2, paragraph 6). As discussed above, this is insufficient to establish the citizenship

-4-

of HPTMI Properties Trust.  See GMAC Commercial Credit LLC, 357 F.3d at 828 ("Generally, a district court's diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members'").  Defendants have therefore failed to meet their burden of establishing federal subject matter jurisdiction, inasmuch as they have failed to establish that the parties are completely diverse.  The undersigned also notes that, despite the fact that plaintiff specifically noted this deficiency in her Motion To Remand, citing to Carden and GMAC Commercial Credit, LLC, defendants failed to take any remedial action.  "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'"  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)).  The statutory requirements for removal are to be strictly construed.  Id.

Dutifully adhering to all of the foregoing precedent, and recognizing that all doubts are to be resolved in favor of remand, this Court concludes that defendants herein have failed to meet their burden of establishing federal subject matter jurisdiction. See In re Business Men's Assur. Co. of America, 992 F.2d at 183. This case will therefore be remanded to the Circuit Court of St. Louis County, Missouri.  Because remand to state court divests this Court of jurisdiction over this action, all other pending motions are moot.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion To Remand (Docket No. 13) is granted.

**IT IS FURTHER ORDERED** that this cause is remanded to the Circuit Court of St. Louis County, Missouri.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of June, 2010.